UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:11-cr-11-RLY-WGH |
| | ) | |
| RICHARD E. BROWN, | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO SUPPRESS**

Defendant, Richard E. Brown ("Defendant"), moves to suppress evidence obtained by the Government from the search of a laptop computer Defendant used to conduct accounting and bookkeeping services for Walker Investments, LLC and other Walker-related business entities (the "Walker Businesses"). The court held an evidentiary hearing on March 6, 2012, wherein the court heard the testimony of Defendant; his wife, Rebecca Brown ("Rebecca"); Defendant's boss, Lowell Walker; and Lowell's son, Robert Walker ("Robert"). For the reasons set forth below, Defendant's Motion to Suppress is **DENIED**.

Walker Businesses purchased a laptop computer to allow Defendant to conduct business for and maintain records on the Walker Businesses at his home. The laptop computer also contained two personal files of Defendant designated "REB" (Richard E. Brown) and "OHCC" (Oak Hill Christian Center). In October 2009, before Defendant left on a mission trip with his church, he informed his wife, Rebecca, that if Lowell

1

needed to access any data on the laptop computer while he was away, she should give it to him. Defendant had a similar conversation with Lowell.

After Defendant left on his mission trip, Lowell received a document in the mail which led him to believe that Defendant was using funds from the Walker Businesses for his personal use. Lowell's son, Robert, accessed the desktop computer used by Defendant at Walker Businesses, and determined that none of the 2009 bookkeeping records for the Walker Businesses had been entered on the computer. Lowell then went to Defendant's home and asked Rebecca for the laptop computer. Rebecca voluntarily retrieved the laptop computer from their home and gave it to Lowell. When Lowell returned to Walker Businesses, he gave the laptop computer to Robert, who accessed all of the data on the laptop computer, including some personal files, using the password created by Walker Businesses. Following a review of the work-related files, Robert and Lowell determined that Defendant was embezzling funds from the Walker Businesses. Lowell fired Defendant and, three months later, Lowell and Robert voluntarily gave the laptop computer to federal case agents for their review. After a review of the work-related files, the Government charged Defendant with 135 counts of wire fraud, 15 counts of mail fraud, and 5 counts of tax fraud.

The Fourth Amendment's proscription against unreasonable searches applies only to Government searches, not private party searches. *Walter v. United States*, 447 U.S. 649, 656 (1980) (holding that a wrongful search or seizure conducted by a private party does not violate the Fourth Amendment); *see also United States v. Shahid*, 117 F.3d 322,

325 (7th Cir. 1997) (same); *United States v. Feffer*, 831 F.2d 734, 737 (7th Cir. 1987) (same). The lone exception to this rule is where a private individual is acting as an "instrument or agent" of the Government. *Shahid*, 117 F.3d at 325 (citing *United States v. Koenig*, 856 F.2d 843, 847 (7th Cir. 1988)). In the present case, the Walkers were not acting as instruments or agents of the Government at the time Lowell retrieved, and Robert searched, the laptop computer. Rather, they were acting as concerned business owners over the suspected embezzlement of business funds. Indeed, the Government did not get involved until well after Robert's search of the laptop occurred. Accordingly, Robert's search of the laptop computer, even to the extent he accessed Defendant's personal files, does not implicate the Fourth Amendment's protections.

In addition, a consensual search does not invoke the Fourth Amendment, so long as the search remains within the scope of consent. *Michael C. v. Gresbach*, 526 F.3d 1008, 1015 (7th Cir. 2008) (citing *Florida v. Jimeno*, 500 U.S. 248, 251 (1991)). The testimony from the hearing establishes that Rebecca voluntarily provided the laptop computer to Lowell upon his request, per the instructions of Defendant, with full knowledge that Lowell or Robert would search its contents. Lowell and Robert, as the owners of the laptop computer, undoubtedly had the actual authority to give consent to the Government to search the work-related files on the laptop computer. *United States v. Ziegler*, 474 F.3d 1184, 1192 (9th Cir. 2007). The fact that Defendant may have had personal files on the laptop computer did not destroy Lowell's authority to give that consent. *Id*. Moreover, there is no evidence in the record that the federal case agents'

3

search of the laptop computer went beyond the scope of the Walker's consent.

Because the initial search of the laptop computer was conducted by Robert, a private party, and because the Walkers had the authority to give consent to the Government to search their laptop computer, the Government did not violate Defendant's Fourth Amendment right against unreasonable searches. Accordingly, Defendant's Motion to Suppress (Docket # 43) is **DENIED**.

**SO ORDERED** this 18th day of April 2012.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Michael C. Keating
KEATING & LAPLANTE
mkeating@keatingandlaplante.com

James Marshall Warden
UNITED STATES ATTORNEY'S OFFICE
james.warden2@usdoj.gov